IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

BARBARA JONES,
    PLAINTIFF,


V.                              CIVIL ACTION NO. 3:09-cv-1


UNIVERSITY OF TEXAS MEDICAL BRANCH
    AT GALVESTON,
        DEFENDANT.

<u>PLAINTIFF'S, BARBARA JONES, ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff files this complaint with respect to her employment and termination from the University of Texas Medical Branch.  Plaintiff would show unto the Court as follows:

<u>Jurisdiction and Venue</u>

    1.  Jurisdiction vests under 28 U.S.C. section 1331 (federal question), 28 U.S.C. section 1343 (civil rights) and 42 U.S.C. section 1981.

    2.  At all times material to this action, Plaintiff Jones has resided in Galveston County, Texas.  All matters related to this action have occurred in Galveston County, including the entering of contracts of employment.

## Parties

3.  Plaintiff Jones is an American citizen of African descent.

4.  Defendant is an employer as that term is defined in employment law and is defined as a governmental entity under Texas law.

## Facts Statement/Disparate Treatment

5.  Barbara Jones began her employment with the University on or about September 14, 1994, in the Health Information Management Department (Clerk 2).

6.  Plaintiff transferred into the Hospital Patient Finance Department in the year 1977 and worked as a Medicaid Out-patient Biller.  Plaintiff's next position was that of a Medicaid Out-patient Follow-up Representative.

7.  During the course of Plaintiff's employment, Plaintiff was evaluated like all employees on official University evaluation forms, consistent with University policy.  Plaintiff's evaluations were generally good ones during the course of her employment.

8.  Barbara Jones was terminated from her employment on November 18, 2005, for insubordination.  In addition, at the time of Plaintiff's termination, Plaintiff was accused of being an ineffective employee and of possessing a history of not following the University's procedures.

9. Plaintiff contends that the reasons for her termination were false; that Plaintiff's performance was equal to or better than that of her comparatives; that differing conditions were imposed on Plaintiff than others of a different race, and that Plaintiff did not engage in insubordination.

### Race as a Factor

10. In context of Plaintiff's termination, she contends that race was a factor in her termination. Plaintiff asserts the following as circumstantial and direct evidence to support her contention herein:

- <u>Employee's Past Evaluations</u>.  The official university evaluations reveal that Barbara Jones was a good employee.  However, the termination of Jones was based on unofficial evaluation documents that appear to be part of the department file and/or documents that were never made part of the University's official file.
- <u>Use of Unofficial Materials in an Impermissible Manner</u>.  The unofficial documents/evaluations date back to November 2001.  The stale events used to support the termination were 11.05.01; 7.01.02, 7.16.02, 7.06.03, 10.14.03, 3.15.04, 6.17.04.  The use of the stale events was inconsistent with University policies.
- <u>University's position</u>.  Plaintiff appealed her termination by filing a grievance under University policy.  The University's position in the hearing (grievance hearing after Plaintiff was terminated) was that the old events were not the reason for termination but were part of a history and demonstrated a pattern and practice. This is an inconsistent and illogical position. If it was part of a pattern, then why does the information not show up in the employee's evaluations and/or the employee's file.  If it

3

- was part of a pattern, then stale, unofficial information is being used to establish that pattern.
- <u>Most recent events</u>.  Barbara Jones was terminated for insubordination and not following procedures for a period that ranges from 4.05.05 to 4.11.05. However, most disturbing from a civil rights standpoint is the testimony at the hearing; that is, that after Jones was terminated, the procedure was changed and the same policy was not applied to the individual that took part of Ms. Jones' responsibilities (the individuals who operated under a different procedure were of a different race) (Judy Roberts, a White female).
- <u>Pretext</u>.  The termination was simply a pretext to hide the racial animus and imposing a different policy to terminate Jones.  The allegation of insubordination was not applied to White workers performing the same or similar acts.
- <u>Use of Evaluation</u>.  The use of past evaluation and asserting a pattern is against University policies and such a policy has not been applied to White employees in the Department.

### Prayer for Relief

11. Plaintiff prays for the following relief:

   A.  Declaratory judgment stating that the Defendant has engaged in discriminatory conduct and that Defendant has violated Plaintiff's civil rights;

   B.  Back wages and benefits;

   C.  Future wages, if equity cannot be invoked, including benefits;

   D.  Compensatory damages incurred in the past, present and future;

   E.  Reasonable and necessary attorney's fees incurred in the prosecution of this matter.

4

   F. Pre-judgment and post-judgment interest;

   G. Costs of court.

 12. Plaintiff also prays for all relief in equity and under law to which she may be deemed entitled.

 DATE: January 5, 2009.

        Respectfully submitted,


        /S/ ANTHONY P. GRIFFIN
        _____

        ANTHONY P. GRIFFIN
        ATTORNEY-IN-CHARGE

        A GRIFFIN LAWYERS
        1115 MOODY
        GALVESTON, TEXAS  77550
        409.763.0386
        1.800.750.5034
        FACSIMILE NO. 409.763.4102

        STATE BAR NO. 08455300 [TEXAS]
        FEDERAL I.D. NO. 4736

        ATTORNEYS FOR THE PLAINTIFF
        BARBARA JONES

<u>A JURY TRIAL IS DEMANDED</u>

c:word.jones.barbara.original.complaint.federal.2005.2813